# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| BAHRAM KHANALI, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV410-189 |
| | ) | CR408-091 |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Bahram Khanali, a chiropractor licensed to practice in Florida, appealed the 60-month sentence imposed by this Court after he pled guilty to one count of conspiracy to commit health care fraud, 18 U.S.C. §§ 371 & 1347. *United States v. Khanali*, 350 F. App'x. 432 (11th Cir. 2009). He argued on appeal that this Court erred in denying him an "acceptance of responsibility" sentence reduction and contended that his sentence is unreasonable. Having lost on both grounds, *id.* at 434, he now moves for 28 U.S.C. § 2255 relief. CR408-091 doc. 81. It should be denied.

# I. BACKGROUND

Khanali pled guilty to a million-dollar scale healthcare fraud. *Khanali*, 350 F. App'x. at 434. Because he smoked marihuana while on pretrial bond, he was not given credit under United States Sentencing Guidelines for "acceptance of responsibility" at sentencing.[1] He lost his challenge to that ruling on appeal; this Court "did not clearly err in denying Khanali an acceptance of responsibility reduction." *Id.* at 433. Nor was his sentence unreasonable, given the evidence considered and the 18 U.S.C. § 3353 sentencing factors applied. *Id.* at 433-34.

---

[1] As the *Khanali* court explained:

> Section 3E1.1 of the Sentencing Guidelines permits a district court to give a defendant a sentence reduction if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). However, "[a] defendant who enters a guilty plea is not entitled to an adjustment ... as a matter of right." U.S.S.G. § 3E1.1 cmt. n. 3. While a guilty plea constitutes significant evidence of acceptance of responsibility, that evidence may be outweighed by conduct that is inconsistent with acceptance. *United States v. Lewis*, 115 F.3d 1531, 1537 (11th Cir. 1997). Appropriate considerations include the defendant's "voluntary termination or withdrawal from criminal conduct." U.S.S.G. § 3E1.1. cmt. n. 1(b). We previously have held that subsequent criminal activity may be considered, even if unrelated to the offense of conviction. *United States v. Pace*, 17 F.3d 341, 343 (11th Cir.1994).

350 F.App'x. at 433.

## II. ANALYSIS

Khanali raises two claims here, and both turn on whether his lawyer, at sentencing, provided him with ineffective assistance of counsel (IAC) under the *Strickland v. Washington*, 466 U.S. 668 (1984) standards.[1] Doc. 81-1 at 2-13. Leonard P. Fenn represented him at both

---

[1] There the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, the movant must show that "no competent counsel would have taken the action that his counsel did take." *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). The prejudice prong requires movants to establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

Self-serving and conclusory IAC claims do not merit a hearing, much less § 2255 relief. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *see also United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where

the trial and appellate levels in this case. Khanali argues, in Ground One, that Fenn was constitutionally deficient for "allowing multiple punishments at sentencing for [Khanali's] singular violation of a [pretrial] bond restriction." Doc. 81-1 at 2. In Ground Two, he insists that Fenn also provided IAC by failing to warn Khanali of the "plea's consequences for his immigration status." *Id.* at 10.

Ground One fails. Even a casual review of the record shows that Khanali in fact did *not* receive "multiple punishments at sentencing for [his] singular violation of a [pretrial] bond restriction." Doc. 81-1 at 2. Instead, his sentence rested upon several components, his marijuana violation being just one of them. These factors were set forth in the PSI and expressly adopted by the sentencing judge. Doc. 68 at 25-26 ("The Court has no hesitation about adopting the factual statements contained in the PSI, those that are contested and those that are uncontested, particularly the factual statements in [¶ 18], the issuance of a check to [a duped physician], the identity theft in [PSI ¶] 19, and 20, and 21, loss

---

movant's allegations fail to satisfy the prejudice prong of the *Strickland* test); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).

amount. The probation officer got it right as stated in the [PSI's] addendum [which addressed objections Fenn raised on Khanali's behalf]").

As the government correctly points out, Fenn objected in writing to the PSI's position against the 3-point reduction. Doc. 83 at 6; PSI at 3. Khanali does not dispute this but argues that Fenn should have illuminated for the sentencing judge a list of other matters detailed in his § 2255 brief. Doc. 81-1 at 2-3. For example, says Khanali, he "lost the following benefits that his cooperation with government and Court and his early plea of guilty should have secured, even when taking his sole lapse, and one-time abuse of marijuana, into consideration. . . ." *Id.* One of those benefits was his testimony in related cases, and he complains that the government failed to inform the Probation Office (which generated the PSI relied upon by the sentencing judge) of that testimony. Fenn, in turn failed him for not redressing that omission. *Id.* at 4 (Fenn failed to "realize the lapse of communication between the parties and completely fail[ed] to bring the PSI's shortcomings to the attention of the court.").

The sentencing transcript shows otherwise. Doc. 68 at 12 (prosecutor alluding to the plea agreement's loss-limitation stipulation, and thus Khanali's resulting sentencing exposure, and confirming that such "provision was put in the plea agreement . . . because to the defendant's credit, he began cooperating immediately. I think the day that he was first brought into custody and arraigned in this court, he began cooperating and divulging all of this information."); *see also* doc. 56 (Plea Agreement) at 3 (stipulating a $400,000 - $1,000,000 total loss range); PSI at 2-3 (showing that the Probation Officer was well aware of the plea agreement's stipulation, though he correctly noted that he was not part of it and thus not bound by it).

That's enough; Khanali is just being hypertechnical here. True, the prosecutor did not expressly state "and Khanali has been *testifying* in other cases," and so Fenn could have prompted that specific statement out of him, but his words amply communicated Khanali's cooperation to the sentencing judge, and it is routine knowledge that defendants who cooperate both divulge information on *and* testify against co-defendants, co-conspirators, etc. It is also true that it would have been more

beneficial to Khanali had Fenn highlighted Khanali's "testimonial cooperation," but to prove IAC, Khanali must show that no competent lawyer would have failed to do so, *Rose v. McNeil*, __ F. 3d __, 2011 WL 744967 at * 16 (11th Cir. Mar. 4, 2011), and he has failed to show that here. On this point, then, Khanali thus cannot show *Strickland* deficiency, much less prejudice.

The remainder of Khanali's examples are also unfounded. For example, he literally quotes the same sentencing transcript passage (showing the prosecutor noting Khanali's immediate cooperation) excerpted above, then complains that because it is not expressly noted in the PSI, Fenn similarly fell down on the job. Doc. 81-1 at 4. But the Probation Officer who authored the PSI was present in the courtroom when the prosecutor expressly informed the Court that Khanali had been commendably forthcoming in cooperating as soon as he was apprehended. That Officer was thus free to change his PSI recommendation on the spot, but simply chose not to do so. Khanali fails to show what difference it would have made had Fenn ensured that the Probation Officer expressly was told about Khanali's *testimonial*

7

cooperation. In short, Khanali got what he bargained for, which was the government's promise to acknowledge his cooperation). Quibbling about what *way* such information was presented is insufficient to support his IAC claim here.

The Court thus agrees with the government that, "[a]t the end of the day, [Khanali's] cooperation [simply] did not matter to the district judge." Doc. 83 at 9. The sentencing judge listened to an indignant prosecutor's nuanced presentation of the Medicare fraud scheme of which Khanali was a part, doc. 68 at 17-20, a presentation reinforced by the Probation Officer's assessment that the USSG's "sophisticated means enhancement" applied. *Id.* at 22-24. After considering the various sentencing presentations and objections, the district judge had "no hesitation about adopting" the PSI in toto. *Id.* at 25.

Movant also complains that the Probation Officer cited a higher loss level than what the plea agreement specified. The Probation Officer determined that the restitution amount was $1,018,159.84, thus exceeding the $1,000,000 cap specified in the plea agreement. As a result of exceeding the $1,000,000, Khanali's offense level was increased from

8

14 to 16 points. So, Khanali concludes, Fenn failed him by misunderstanding, and thus failing to correct, the PSI's 16-level Offense Level calculation when 14 was the correct number. Doc. 81-1 at 8. The record shows otherwise. Fenn argued extensively against the higher loss calculation, citing the difficulty in assessing actual and intended loss in healthcare fraud cases. Doc. 68 at 5-9, 11-12. His exchange with the sentencing judge demonstrates that he understood the issue and in fact adroitly argued it. Khanali's problem, quite simply, is that Fenn nevertheless lost on the merits -- not that he failed to raise the argument or competently argue it. And under the plea agreement the government was free to stipulate to a loss amount with *him*, but that did not prevent the Probation Officer from determining that in fact the *actual loss* amount (as opposed to the conspirators' *intended* loss amount) was $1,018,000. Doc. 68 at 11-12. Khanali fails to show what else Fenn, or any competent lawyer, could do at that point. Again, to prove IAC he must show that *no* competent lawyer would have so acted or failed to act on a given matter, *Rose*, 2011 WL 744967 at * 16, and he has failed to do that here.

In his reply brief Khanali raises some "add-on" arguments. He faults Fenn for failing to raise a Double Jeopardy defense to thwart his forfeited 3-point responsibility reduction. Doc. 84 at 2-3. When his bond was revoked for his marijuana smoking, he reasons, that was punishment enough. *Id.* The Court rejects this argument outright. It is not Khanali's personal opinion and sense of fairness that matters here, only federal law, which authorizes both the bond revocation *and* the 3-point forfeiture. It is thus unsurprising that Khanali cites no legal authority for his "Double Jeopardy" argument.

Khanali next complains that the government has failed to file a USSG § 5K1.1,[2] if not Fed. R. Cr. P. 35, "downward departure" motion. He faults Fenn for failing to seek one. *Id.* at 4. But Fenn's duty on that score was discharged on sentencing day, when he had obtained the very deal that Khanali accepted, and the prosecutor honored it by timely informing the sentencing judge of Khanali's assistance. There is no indication that Fenn was obligated, but failed, to seek more at that point.

---

[2] He otherwise does not dispute that whether or not a § 5K1.1 motion would be filed would turn entirely upon whether the government determined that he provided "substantial assistance." Doc. 56 at 6; *see Woolsey v. United States*, 2011 WL 195412 at * 11 (M.D. Fla. Jan. 20, 2011) (very limited judicial relief available in this area).

As for Fenn's duty after that point, Khanali *stipulated* in his plea agreement "that the determination as to whether the defendant has provided 'substantial assistance' rests *solely* with the government and the defendant agrees that the defendant cannot and will not challenge that decision whether by appeal or collateral attack or otherwise." *Id.* (emphasis added). Fenn was thus barred from tapping that root any further, as Khanali is now. *See United States v. Rodriguez,* 2007 WL 1192280 at *6 (S.D.N.Y. Apr. 24, 2007) (denying § 2255 ineffective assistance claim: "defendant waived his right to request a downward departure; he cannot now assert counsel was ineffective for failing to argue for [one]."), cited in *Hurtado-Paz v. United* States, 2010 WL 5575547 at * 4 (S.D. Fla. Dec. 10, 2010) (collecting cases).

Finally, Ground Two -- that Fenn was constitutionally ineffective for failing to advise Khanali of immigration consequences following his guilty plea -- also fails. First, immigration consequences were not made part of the judgment against Khanali. The sentencing judge *opined* that Khanali should be deported post-sentence, then disavowed any legal import to those words -- upon *Fenn's* objection:

MR. FENN: [J]udge, you indicated . . . that the defendant should be deported, and should remain outside of the U.S. forever.

THE COURT: Yes.

MR. FENN: To the extent that is a part of the judgment and not your observation --

THE COURT: Of course, that is beyond my [pale]. He will remain outside during the term of supervised release. But I believe that he should be permanently excluded.

MR. FENN: Well, to the extent that it sounded to me like part of the judgment, I object to that.

THE COURT: All right.

Doc. 68 at 38.

Second, Khanali can show no prejudice because he has never claimed, much less plausibly shown, that he would have rejected the government's plea offer and instead would have gone to trial had he been so advised.[3] To that end, the guilty-plea judge expressly warned him that the maximum penalty could include deportation:

Q. Well, you are offering to plead guilty to a felony. That is going to cost you many rights. I doubt that you will ever become a citizen of

---

[3] *See Roach v. Roberts*, 373 F. App'x. 983, 985 (11th Cir. 2010) ("Roach did not make the requisite showing before the state habeas court of a reasonable probability that, but for his lawyers' errors, he would have rejected the plea deal and insisted on proceeding to trial.").

the United States. I doubt that you will be able to keep your green card status. Do you understand that?

A. Yes, I do, Your Honor.

Doc. 67 at 18. Khanali does not dispute that losing his green card status can result in deportation, and yet he accepted the plea bargain anyway.

## III. CONCLUSION

Bahram Khanali's 28 U.S.C. § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  11th  day of April, 2011.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA